IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE:

CRAIG PRICE
ARREE PRICE

     **Debtors**

Case No.: 14-13186-WIL
Chapter 13

**CONSENT MOTION TO EXTEND TIME TO RESPOND TO
CHAPTER 13 TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY**

Judy A. Robbins, the United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby moves for an extension of time in which to respond to the Chapter 13 Trustee's Motion and Notice to Compromise Controversy ("Settlement Motion") (Dkt. 120). The Chapter 13 Trustee is seeking approval of a settlement agreement with Debtors' former counsel, Todd Lewis ("Counsel").

The United States Trustee is concerned because of the serious allegations raised in the Chapter 13 Trustee's Motion for Order to Justify and Disgorge Attorney Fees ("Motion to Disgorge")(Dkt. 103) underlying the Settlement Motion and the review of the underlying transactions that raise concerns about Counsel's conduct in the bankruptcy cases. The allegations, if true, would support a finding that Counsel's conduct was in significant violation of numerous of the Maryland Lawyers' Rules of Professional Conduct (MLRPC). [1]

---

[1] Although not referenced in the Motion to Disgorge, the Retainer Agreement (Exhibit A to the Motion to Disgorge) provides at Paragraph 2 for a "Fixed Fee Retainer" that "is considered as earned and non-refundable upon the preparation of the Client's Bankruptcy Petition". First, it is not clear from the Agreement whether the retainer was deposited in Counsel's attorney trust account. If it was not, then he violated MLRPC 1.15(a) and (c). *See In re Bellamy*, 379 B.R. 86, 98-99 (Bankr. D. Md. 2007)(because the bankruptcy flat fee "covers future performance of services yet to be rendered, not all of the fee is yet earned"). Second, to the extent that Mr. Lewis is contending that his retainer is an engagement fee,

1

In light of the proposed settlement, the United States Trustee would benefit from additional time to investigate potential malfeasance by the Debtors' attorney and make a decision as to whether to object to the Settlement Motion.

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests that the Court enter an Order granting this Motion and extending the response period for the Settlement Motion for 45 days, until October 7, 2016, and for such other and further relief as the Court deems just and proper.

---

then it may violate Rule 1.5(a), which requires that a lawyer make no agreement to charge an unreasonable fee. *See Attorney Grievance Commission v. Stinson*, 428 Md. 147, 50 A.3d 1222-1244 (under facts of case, "engagement fee" violated MLRPC 1.5(a)). *See also, Attorney Grievance Commission v. Lawson*, 401 Md. 536, 580, 933 A.2d 842, 868 (2007) ("even a flat fee may become excessive in cases where the attorney does little or no work").

Moreover, the Retainer Agreement states at Paragraph 16 that it "is to be governed by and construed in accordance with the laws of the Commonwealth of Virginia. Furthermore, the laws of the Commonwealth of Virginia shall govern the attorney client relationship and all monies received therein." This provision violates MLRPC 8.5(b)(1), which states that the rules of professional conduct to be applied "for conduct pending before a tribunal [shall be] the rules of the jurisdiction in which the tribunal sits", in this case, Maryland.

The Motion to Disgorge alleges that Counsel received $17,518 in total fees for representing the Debtors in three different cases, none of which resulted in confirmation of a Chapter 13 Plan or a discharge. It is further alleged that all funds received by Counsel may not be disclosed to the Court. If true, these allegations suggest that Counsel has violated Rules governing competence, diligence, fees, and candor to the tribunal. *See* MLRPC 1.1, 1.3, 1.5, and 3.3.

The Motion to Disgorge also alleges that the Debtors' schedules are replete with inaccuracies, that Counsel failed to forward to the Trustee pay advices and tax returns that he had received from the Debtors and that Counsel was non-communicative with Debtors, all of which are indications of failures to perform under the Maryland Rules of Professional Conduct. *See* MLRPC.1.1, 1.3, and 1.4.

                                      Respectfully submitted,

Dated: August 23, 2016                    **JUDY A. ROBBINS**
                                            United States Trustee for Region 4
                                            By Counsel:

                                            */s/ Catherine M. Stavlas*
                                            Catherine M. Stavlas, Bar No. 25286
                                            Assistant U.S. Trustee
                                            Office of the U. S. Trustee
                                            6305 Ivy Lane, Suite 600
                                            Greenbelt, Maryland 20770
                                            (301) 344-6216
                                            (301) 344-8431 (fax)
                                            Email: Catherine.m.stavlas@usdoj.gov

READ AND CONSENTED TO:

*/s/ Rebecca A. Herr*
Rebecca A. Herr, Bar No. 29298
185 Admiral Cochrane Dr.
Ste 240
Annapolis, MD 21401

*Counsel for the Chapter 13 Trustee*

**CERTIFICATION PURSUANT TO ADMIN. ORDER 03-02**

I HEREBY CERTIFY that the terms of the foregoing Consent Motion to Chapter 13 Trustee's Motion to Compromise Controversy submitted to the Court are identical to those set forth in the original Consent Motion to Chapter 13 Trustee's Motion to Compromise Controversy, and the signatures represented by the */s/* on this copy reference the consent of the parties to filing of this Consent Motion to Chapter 13 Trustee's Motion to Compromise Controversy.

                                                */s/ Catherine M. Stavlas*
                                                Catherine M. Stavlas

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 23rd day of August, 2016, a copy of the foregoing Consent Motion to Chapter 13 Trustee's Motion to Compromise Controversy was served via ECF notification upon the following individuals:

Rebecca A. Herr, Counsel to Chapter 13 Trustee
Nancy Grigsby, bherr@ch13md.com
Todd Lewis, at todd.lewis@cagpllc.com

and by first-class mail, postage prepaid on the following:

**Craig William Price**
**ArRee Price**
20607 Wilderness Run Rd
Boonsboro, MD 21713
*Debtors*

**Jan Berlage**
GOHN, HANKEY STICHEL & BERLAGE, LLP
201 North Charles Street
Suite 2101
Baltimore, MD 21201
*Debtors' Counsel in Bankruptcy Case No. 16-11024-WIL*

                                                */s/ Catherine M. Stavlas*
                                                Catherine M. Stavlas